UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                    :
JAMES LESTER ROUDABUSH, JR.,        :
                                    :
        Plaintiff,                  :   Civ. No. 16-251 (NLH)
                                    :
    v.                              :   OPINION
                                    :
CHARLES E. SAMUELS, JR, et al.,     :
                                    :
        Defendants.                 :
_____    :

APPEARANCES:
James Lester Roudabush, Jr., #R82038-083
F.C.I. Fort Dix
P.O. Box 2000
Fort Dix, NJ 08640
    Plaintiff pro se


HILLMAN, District Judge

        Plaintiff James Lester Roudabush, a prisoner confined at

the Federal Correctional Institution ("FCI") in Fort Dix, New

Jersey, filed this civil rights action in the District of

Columbia asserting claims pursuant to Bivens v. Six Unknown Fed.

Narcotics Agents, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619

(1971). (ECF No. 1).  Plaintiff also filed a motion for leave to

proceed in forma pauperis. (ECF No. 2).  On August 10, 2015, the

District Court for the District of Columbia directed Plaintiff

to file a six month prisoner trust account statement so that his

motion for leave to proceed in forma pauperis could be properly

assessed. (ECF No. 3).  On August 24, 2015, Petitioner submitted

his prisoner trust fund account statement for a period of six months. (ECF No. 4).  Thereafter, the District Court for the District of Columbia transferred this case to the District of New Jersey, the district where Plaintiff is presently incarcerated, and left it to this Court to make a ruling on Plaintiff's motion for leave to proceed in forma pauperis. (ECF No. 5).

Pursuant to Local Civil Rule 54.3, the Clerk shall not be required to enter any suit, file any paper, issue any process, or render any other service for which a fee is prescribed, unless the fee is paid in advance.  Under certain circumstances, however, this Court may permit an indigent plaintiff to proceed in forma pauperis.

The entire fee to be paid in advance of filing a civil complaint is $400. That fee includes a filing fee of $350 plus an administrative fee of $50, for a total of $400.  A prisoner who is granted in forma pauperis status will, instead, be assessed a filing fee of $350 and will not be responsible for the $50 administrative fee.  A prisoner who is denied in forma pauperis status must pay the full $400, including the $350 filing fee and the $50 administrative fee, before the complaint will be filed.

Title 28 U.S.C. § 1915, prohibits a prisoner from bringing a civil action in forma pauperis, however, "if the prisoner has,

on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). A prisoner's entire action or appeal must be dismissed on grounds enumerated in § 1915(g) to count as a "strike." Byrd v. Shannon, 715 F.3d 117, 125 (3d Cir. 2013); see also Ball v. Famiglio, 726 F.3d 448 (3d Cir. 2013) cert. denied, 134 S. Ct. 1547, 188 L. Ed. 2d 565 (2014). Moreover, a strike under § 1915(g) will accrue "only if the entire action or appeal is (1) dismissed explicitly because it is 'frivolous,' 'malicious,' or 'fails to state a claim' or (2) dismissed pursuant to a statutory provision or rule that is limited solely to dismissals for such reasons, including (but not necessarily limited to) 28 U.S.C. §§ 1915A(b)(1), 1915(e)(2)(B)(i), 1915(e)(2)(B)(ii), or Rule 12(b)(6) of the Federal Rules of Civil Procedure." Byrd, 175 F.3d at 126.

Dismissals for frivolousness of civil actions or appeals, prior to the 1996 amendment of § 1915, count as "strikes" under 28 U.S.C. § 1915(g). See Keener v. Pennsylvania Bd. of Probation & Parole, 128 F.3d 143, 144 (3d Cir. 1997). Further, "strikes" under § 1915(g) can be accrued in actions or appeals where the

3

prisoner has prepaid the filing fee, as well as in actions or appeals where the prisoner is proceeding in forma pauperis. Byrd, 715 F.3d at 124.

While incarcerated, Plaintiff in this case has had at least three prior federal civil actions dismissed as frivolous or malicious, or for failure to state a claim upon which relief may be granted. See, e.g., Roudabush v. NRDC Equity Partners, LLC, No. 12-29 NLH, 2012 WL 4033725, at *3 (D.N.J. Sept. 12, 2012) (dismissing complaint in its entirety for failure to state a claim upon which relief may be granted); Roudabush v. Johnson, No. 11-7444 RMB, 2012 WL 3550525, at *3 (D.N.J. Aug. 16, 2012) (same); Roudabush v. United States, Civil Action No. 11-980 (RMB) (D.N.J. July 13, 2012); Roudabush v. Johnson, No. 705CV00691, 2006 WL 270020, at *2 n.3 (W.D. Va. Feb. 3, 2006) (concluding that "Roudabush's allegations are either frivolous or fail to state a claim upon which relief may be granted").

A review of the electronic database for the United States District Court for the District of New Jersey reveals that Plaintiff is a frequent litigator.  In denying his petition for mandamus, the Third Circuit recently pointed out that, since February of 2015, "Roudabush has filed no fewer than ten separate actions in the District Court[,]" including "five [actions which] assert civil rights violations under 42 U.S.C. § 1983 or [Bivens]." In re Roudabush, No. 15-2700, 2015 WL

4

5719659, at *1 (3d Cir. Sept. 30, 2015).  In at least three of the cases filed in 2015, a New Jersey district court — one of which was this Court — determined that Plaintiff has three "strikes" under 28 U.S.C. § 1915(g). See Roudabush v. Hall, No. 15-7887 NLH, 2016 WL 155040 at *2 (D.N.J. Jan. 12, 2016) ("This Court likewise concludes that Plaintiff has three strikes under 28 U.S.C. § 1915(g)."); Roudabush v. Bittinger, No. 15-3185 RMB, 2015 WL 4616869, at *1 (D.N.J. July 31, 2015) ("The Court, however, finds that Plaintiff has three strikes under the PLRA."); Roudabush v. McKool, No. 15-4233 RMB, 2015 WL 3970078, at *2 (D.N.J. June 30, 2015) ("Plaintiff appears to have at least three strikes under this provision.").

Accordingly, this Court again finds that Plaintiff has three strikes under 28 U.S.C. § 1915(g).  Further, the allegations of the Complaint — which allege retaliation, discrimination, violations of Plaintiff's rights under the First, Fifth, Sixth, Ninth, Fourteen Amendments, violations of Plaintiff's due process rights, and violations of his rights under the Equal Protection Clause and Privileges and Immunities Clauses — do not suggest that Plaintiff is in imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

## CONCLUSION

For the reasons set forth above, Plaintiff's application for leave to proceed in forma pauperis will be denied and the

Clerk of the Court will be ordered to administratively terminate
this action, without filing the Complaint or assessing a filing
fee.[1]  Plaintiff will be granted leave to apply to re-open within
45 days by prepaying in full the $350 filing fee and the $50
administrative fee.

An appropriate Order follows.

___s/ Noel L. Hillman_____
NOEL L. HILLMAN
United States District Judge

Dated: January 19, 2016
At Camden, New Jersey

---

[1] Such an administrative termination is not a "dismissal" for
purposes of the statute of limitations, and if the case is re-
opened pursuant to the terms of the accompanying Order, it is
not subject to the statute of limitations time bar if it was
originally submitted timely. See Houston v. Lack, 487 U.S. 266
(1988) (prisoner mailbox rule); Papotto v. Hartford Life & Acc.
Ins. Co., 731 F.3d 265, 275-76 (3d Cir. 2013) (collecting cases
and explaining that a District Court retains jurisdiction over,
and can re-open, administratively closed cases).